### EASTERN DISTRICT, DECEMBER TERM, 1848.
#### PHILADELPHIA.

---

### MEMORANDUM.

THE judges who sat at Nisi Prius during December and March terms were:—

GIBSON, C. J., from April 23d to 25th.

BURNSIDE, J., from January 29th to February 5, and from March 6th to April 14th.

COULTER, J., from January 23d to 29th.

BELL, J., from February 5th to 20th.

GIBSON, C. J., was absent from indisposition from March 6th to April 7th, and on the 13th.

ROGERS, J., was absent February 5th; BURNSIDE, J., February 20th and 21st.

---

### PHILADELPHIA SAVINGS INSTITUTION *v.* SMITH.

If no affidavit of defence has been filed, a judgment will not be reversed because the instrument, a copy of which was filed, was not such as entitled the party to judgment.

IN error from the District Court of Philadelphia.

*Jan.* 23. The defendant in error filed a "copy of deposit certificate" in the court below, in the following words:

VIRTUE, LIBERTY AND INDEPENDENCE.

Incorporated 1834.                                    No. 1176.    $2000.

This is to certify that George Simpson is entitled to Two Thousand Dollars $\frac{}{100}$, on deposit in the Philadelphia Savings Institution, to be paid to his order on the 25th day of July, 1839, without grace.    Philadelphia, May 20th, 1839.

N. P. POOR, Treasurer.                                    PETER FRITZ, President.

Underwood, Bald, Spencer & Hufty.

Endorsed, George Simpson.

The court gave judgment for want of an affidavit of defence. No suggestion of defence was filed.

The error assigned was, the instrument was not such as entitled the plaintiff to judgment.

*Clarkson*, for plaintiff in error.—The instrument in question has been decided to be a promissory note by 2 Barr, 175.    In that case the corporation was expressly forbidden to issue such notes, but there is an equally implied prohibition in the charter of this company.    [ROGERS, J. Should not that be made to appear by an affidavit?]    The charter is given by an act of the legislature, and the court must take judicial cognisance of it.    If not a negotiable instrument, the plaintiff cannot sue; if it is, then, there being no authority granted to issue such instruments, the settled rule that corporations have no powers but what are expressly or by implication granted them, shows the note to be void under the policy of the law. .

*Smith*, contrà.—The suit is here against the corporation, and the act of 1817 declares the makers of these illegal notes shall be liable.    In the case in 2 Barr, the endorser was sued.

PER CURIAM.—Whatever the defects in the cause of action filed, it is decisive that the defendant did not satisfy the statute by filing an affidavit of defence.    The filing of the cause of action is not to set it out with technical precision, but to individuate the transaction from which it springs, the declaration and plea forming the issue on which the parties are to go to trial.    Nor does it follow that the cause of action filed is to control the cause of action stated in the declaration, provided the same contract or transaction be the subject-matter of each.    He may waive defects in the first instance, and reserve himself for his demurrer or motion in arrest of judgment, provided a good cause of action be not laid in the *narr.*; but then he must show that he waives nothing, and that he has a defence at least on the plaintiff's own showing; which he can do only in the manner prescribed in the act of Assembly.    The judge

is not bound to look at the cause of action till he has been possessed of the affidavit of defence; and it is not our business to reverse his judgment for an error he did not commit.

Judgment affirmed.